CATHARINE SPANGLER
vs.
JOHN STANLER.
AND
ELIZABETH CARROLL
vs.
SAME.

MARCH TERM, 1847.

[DOWER—ACT OF 1818, CH. 193.]

A LEASE of lands for ninety-nine years, renewable forever, is a mere chattel interest, and not an estate in lands, from which dower can be claimed.

To make out a claim for dower, it is necessary to show that the husband was seized of an estate of inheritance, during coverture, of which any issue the wife might have had, might by possibility have been heir.

Leases containing covenants, on the part of the lessor, to convey the fee simple to the lessees, when requested so to do, cannot be made to operate as a conveyance by *lease* and *release* at common law.

The estates which passed by such deeds of lease were legal and not equitable estates; and, consequently, the act of 1818, ch. 193, extending the dower right to lands, held by equitable title in the husband, has no application.

[The question involved in this case was, whether the complainants were dowable out of lands held by their respective husbands, under leases for ninety-nine years, renewable forever,

containing covenants on the part of the lessor, to convey the fee simple to the lessees, their executors, administrators or assigns, when requested so to do.]

THE CHANCELLOR:

Notwithstanding the ingenuity and research displayed by the counsel of the complainants in these cases, the Chancellor thinks, they are not entitled to the relief prayed by their bills.

They ask for an assignment of dower, and an account of rents and profits.from the deaths of the respective husbands of the complainants, until the dower shall be assigned, and as the title of the husbands is disputed, it is not clear, that it might not be proper to put the complainants to the establishment of it at law, before granting the relief asked for. *Wells et ux* vs. *Wells*, 2 *Gill and Johns.*, 468.

These complainants' husbands were not clothed with such estates, in the lands out of which the dower is claimed, as to justify his granting relief.

They both held under deeds executed to them by Richardson Stewart in the year 1841, these deeds were simply leases, for ninety-nine years renewable forever, executed upon the consideration of three hundred dollars paid lessor, and an engagement on the part of the lessees, to pay a nominal annual rent if demanded. The *habendum* is to the lessees, their executors, administrators and assigns, and the covenants to be performed on their part, bind them and their personal representatives.

The whole frame of the deeds, stamps them as a lease, and as such, passing merely chattel interests in the property embraced in them, which, upon the death of the grantees, would devolve upon their personal representatives, and indeed it appears upon the face of the bill filed by Elizabeth Carroll, that, so far as regards the land out of which she claims dower, the defendant holds under a purchase, made of the personal representative of the intermediate assignee of the lease from Stewart, to her husband.

But in order to make out a claim to dower, it is necessary to show, that the deceased husband was seized of an estate of in-

heritance during the coverture of which any issue which she might have had, might by possibility have been heir. 4 *Kent Com.*, 35.

It seems to me impossible to say, that any issue which either of the complainants might have had, by their respective husbands, could have taken this property as heirs, and if not, one of the prerequisites of the dower claim is wanting.

The complainants however insist, that the covenant in the deeds, binding Stewart the grantor, when required by the grantees, their heirs and assigns, to convey the demised premises in fee, at their expense, make these deeds effectual to pass the fee; that the lease of the term for years, operating as a bargain and sale, and the use and possession being in the bargainee, the covenant operates as a release, by way of enlargement of the estate, and thus transfers the entire interest of the bargainor.

But this mode of conveyance by lease and release, it is thought, cannot be made effectual in this way, the lesser estate must be created first by a bargain and sale, to which the statute of uses awards the possession, and the lessee being thus in the enjoyment of the use by the bargain, and of the possession by the statute, is competent to receive a release of the reversion. But if he is not thus in the possession and enjoyment of the lesser estate, how can the release operate by way of enlargement. There would, in truth, be nothing to enlarge. 4 *Kent*, 494 ; 2 *Thomas' Coke*, 581, *note.*

The covenant in these deeds could not, in my opinion, in any view of the subject, be regarded as releases at common law. They certainly were never intended so to *operate*, but were merely designed to bind the grantor, at some future time, when requested by, and at the expense of the grantees, to convey them the estate in fee. But unquestionably the parties never supposed, or designed by this covenant, to adopt an artificial mode of conveyance, which, if effectual, at once transferred the entire estate from the grantor to the grantee.

But the complainants' solicitors contend, that in a court of equity, which considers that as having been actually done, which is agreed to be done, these deeds, by force of the cove-

nant, will be regarded as conveyances of the absolute estate. There is no doubt of the existence of such a doctrine in courts of equity but the question is, what was it which was agreed to be done by these deeds. Why merely that the grantor, *when requested* by the grantees, their heirs and assigns, and at their cost and charge, would execute and deliver them deeds in fee simple. There is no allegation, or proof, that such request ever was made at any time, and the attempt is, by this equitable principle, adopted to advance the purpose of justice, in the case to which it is applicable, to make these parties, long, after their deaths, take estates, which they never demanded, or wanted, when alive.

The 10th section of the act of 1818, chap., 193, which declares, that widows shall have dower in lands held by equitable title in the husbands, is cited, for the purpose of showing that Catharine Spangler, one of the complainants, is so entitled, it appearing that her husband did not alien the land until the year 1821, it being supposed that the title of her husband, if not a legal was certainly an equitable one.

The Chancellor thinks, however, that the estates, whatever they were, which passed by the deeds, were legal, and not equitable, estates, and consequently that the act of 1818, extending the dower right to lands held by equitable title in the husbands, has no application : and so according to the views already expressed, that this estate was leasehold simply, the relief prayed by the bills must be denied.

It is true, the claim to dower is a favored one, but it must be recollected in these cases, that it is set up against alienees for a valuable consideration, one of whom purchased from the personal representative of a preceding alienee, and that the estate out of which the dower is claimed, has been regarded as one, with which the heir at law had no concern.

The Chancellor, upon the best reflection he can give the subject, is of opinion that no relief can be granted upon these bills, and that they must be dismissed.

[No appeal was taken from this decree.]